IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HUAIZHAO LIU, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. MJM-23-2134 |
| CIPING HUANG, *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM ORDER**

This matter is before the Court on defendant Jingsheng Wei's Motion to Stay Order Granting Rule 35 Examination Pending Resolution of Petition for a Writ of Mandamus. ECF No. 97. Plaintiffs Huaizhao Liu and Charlotte Zhang oppose the motion. ECF No. 106. Wei filed a reply in support of the motion. ECF No. 108. No hearing is necessary to resolve the motion. *See* Loc. R. 105.6 (D. Md. 2025). The motion is DENIED.

On July 21, 2025, after a hearing on the matter, the Court entered an Order granting Plaintiffs' Motion to Compel the Rule 35 Examination of Defendant Jingsheng Wei, which requires Wei to submit to a DNA test. ECF No. 96. Wei requests a stay of that Order pending resolution of his petition for a writ of mandamus, which is pending in the U.S. Court of Appeals for the Fourth Circuit.

A court's decision to order a stay is "'an exercise of judicial discretion,' and '[t]he propriety of [such an order] is dependent upon the circumstances of the particular case.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted). Courts consider four factors in deciding whether to

1

order a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 425–26 (citation omitted). The first two factors are "the most critical." *Id.* at 434. But, "[a] stay is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 433 (citation omitted). The burden of showing that the circumstances justify a stay lies with the party requesting the stay. *Id.* at 433–34.

Here, the *Nken* factors do not warrant a stay.

### 1. *Likelihood of Success on the Merits of the Appeal*

The Court considers, first, whether Wei has made a strong showing that he is likely to succeed on the merits of his appeal. Wei argues that he has raised serious legal questions that warrant mandamus relief and that he is likely to succeed in his petition to the Fourth Circuit. *See* ECF No. 98 at 5. This Court disagrees that Wei's arguments amount to a "strong showing[.]" *Nken*, 556 U.S. 425–26.

Discovery rules, including Rule 35, are "to be accorded a broad and liberal treatment . . . to effectuate their purpose that civil trials in the federal courts no longer need be carried on in the dark." *Schlagenhauf v. Holder*, 379 U.S. 104, 114–15 (1964) (internal quotation marks omitted) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). The Court granted Plaintiff's Fed. R. Civ. P. 35 motion upon finding that matters of Wei's physical condition were in genuine controversy, good cause was established for a minimally invasive DNA test, and that the results of such a test would be highly probative in resolving the parties' disputes. These findings justified the Court's Order.

As recently as 2024, the Fourth Circuit has stated that "orders granting (and, by inevitable implication, denying) requests for physical or mental examinations are not appealable under the collateral order doctrine." *Doe v. Sidar*, 93 F.4th 241, 246 (4th Cir. 2024); *see also Bowles v. Commercial Casualty Insurance Co.*, 107 F.2d 169 (4th Cir. 1939) (dismissing for lack of appellate jurisdiction an appeal "from an order . . . directing that [the] defendant submit to a physical examination."). And "[t]he rule is firmly and universally established that mandamus cannot be used to challenge ordinary discovery orders." *In re Underwriters at Lloyd's*, 666 F.2d 55, 58 (4th Cir. 1981).

While Wei is adamant in his assertions that the use of Rule 35 to compel DNA testing in a defamation action is an "unprecedented expansion" and goes to the "permissible limits of discovery," he has not cited any cases that support the proposition that compelled DNA testing is improper in the context of this case. *See* ECF No. 98 at 7. Courts in the Fourth Circuit and other jurisdictions have recognized the authority Rule 35 grants to compel DNA testing. *See Cherrix v. Braxton,* 131 F. Supp. 2d 756, 777–78 (E.D. Va. 2001) (stating that Rule 35 of the Federal Rules of Civil Procedure "grants the court authority to order DNA testing of [Plaintiff's] bodily fluids"); *Dechaine v. Warden, Maine State Prison,* No. 00-123-P-H, 2000 WL 1183165, at *17 (D. Me. July 28, 2000), *aff'd*, No. CIV. 00-123-P-C, 2000 WL 33775285 (D. Me. Nov. 21, 2000) (stating that Rule 35 is implicated in a request that saliva be submitted for DNA testing).

For the above reasons, and additional reasons stated orally by the Court when granting the motion to compel, the Court finds that Wei fails to make a strong showing that he is likely to succeed in his appeal.

*2. Irreparable Injury*

Next, the Court considers whether Wei will be irreparably injured without a stay. Wei asserts that the collection of his DNA will result in irreparable harm and a severe invasion of his privacy. This Court disagrees. The Supreme Court has stated that "the intrusion of a cheek swab to obtain a DNA sample is a minimal one," *Maryland v. King*, 569 U.S. 435, 461, (2013), and that the collection of blood samples "involves virtually no risk, trauma, or pain[,]" *Schmerber v. California*, 384 U.S. 757, 771 (1966). As discovery material, the results of the DNA test are subject to the protections of the Stipulated Confidentiality Order, entered on October 15, 2024. ECF No. 55. The terms of the Stipulated Confidentiality Order suffice to protect Defendant's legitimate privacy interests.

Wei further argues that compelling a DNA test will moot his appeal. ECF No. 98 at 3. This Court finds that argument unconvincing. Courts routinely order production and disclosure of discovery material, including sensitive material, while an appeal is pending. *See In re Lion Air Flight JT 610 Crash*, No. 18 C 07686, 2023 WL 3653217, at *6 n.8 (N.D. Ill. May 25, 2023) (stating that "discovery can commence during the pendency of [an] appeal"); *Konopca v. Ctr. for Excellence in Higher Educ., Inc.*, No. CV155340FLWDEA, 2016 WL 4644461, at *3 (D.N.J. Sept. 6, 2016) (holding that, because factual issues may remain even if the appellate court's decision clarifies certain issues of law, "[d]iscovery should proceed . . . even in light of the pending appeal"); *Old Standard Life Ins. Co. in Rehab. v. Duckhunt Fam. Ltd. P'ship*, No. 2:05-CV-00536 PGC, 2006 WL 2098655, at *3 (D. Utah July 25, 2006) (holding that the parties "will proceed with discovery . . . during the pending appeal[]").

There are remedies available to Wei if his appeal is successful and this Court's Order is overturned, such as the return or destruction of his DNA test results. *See Church of Scientology of*

*California v. United States,* 506 U.S. 9, 13 (1992) (holding that compliance with enforcement order did not render appeal of that order moot, given the possible availability of a sufficient "partial remedy": "Even though it is now too late to prevent, or to provide a fully satisfactory remedy for, the invasion of privacy that occurred when the IRS obtained the information on the tapes, a court does have power to effectuate a partial remedy by ordering the Government to destroy or return any and all copies it may have in its possession."); *E.E.O.C v. Optical Cable Corp.*, No. CIV.A. 98-MC-02-R, 1998 WL 236930, at *3 (W.D. Va. May 1, 1998) ("[T]he Fourth Circuit could order the EEOC to return the subpoenaed material, and to destroy all evidence obtained from the subpoenaed material. Accordingly, it cannot be said with certainty that respondent will be irreparably injured by complying with the Court's subpoena enforcement order."); *Union Carbide Corp. v. Valentine*, No. 1455, 2018 WL 6431759, at *8 (Md. Ct. Spec. App. Dec. 6, 2018) (recognizing that both the Supreme Court of Maryland and the U.S. Supreme Court have held that challenges to discovery orders compelling production of privileged materials are best handled in post-judgment appeals, and that disclosure of allegedly privileged materials does not risk mooting subsequent appeals).

In sum, Wei fails to show any likelihood he will suffer an irreparable injury in the absence of a stay.

### 3. *Public Interest*

The Court next considers the public interest. Wei claims that a DNA test implicates important privacy and bodily autonomy concerns, which the public has an interest in protecting. ECF No. 98 at 9. As noted above, however, the Court finds the Stipulated Confidentiality Order sufficient to protect Wei's privacy concerns and the intrusion upon Defendant's bodily autonomy is minimal. Nearly every dispute raised in a Rule 35 motion implicates privacy and bodily

autonomy interests. The rule prescribes a procedure designed to protect against undue invasions of these interests, which this Court has followed in granting Plaintiff's motion to compel.

The Fourth Circuit has held that prompt or efficient resolution of cases consistent with the fair opportunity to present claims lies strongly in the public interest. *Hussain v. Gonzales*, 477 F.3d 153, 158 (4th Cir. 2007) (quoting *INS v. Abudu*, 485 U.S. 94, 105, 107, 108 (1988)). The public has an interest in having this case resolved promptly and in an efficient use of courts' time and resources.

The Court finds, on balance, that the public interest weighs against a stay.

### 4. Conclusion

Although the Court does not find that stay will substantially injure other parties with an interest in the proceedings, all other *Nken* factors, including the two "most critical" factors, *see Nken*, 556 U.S. at 434, weigh against ordering a stay of the Court's Rule 35 Order. Accordingly, Defendant's motion for stay is DENIED.

It is so ORDERED, this   16th   day of September, 2025.

                                                                     /S/
                                              Matthew J. Maddox
                                              United States District Judge