IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **HUAIZHAO LIU**, *et al.*, | * | |
|  | * | |
| Plaintiffs, | * | |
|  | * | Civ. No. MJM-23-2134 |
| v. | * | |
|  | * | |
| **CIPING HUANG**, *et al.*, | * | |
|  | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This matter is before the Court on defendant Jingsheng Wei's Motion for Partial Reconsideration and for Judgment on the Pleadings, ECF No. 109, and plaintiff Huaizhao Liu's Partial Motion to Dismiss, ECF No. 110. Both motions are fully briefed. No hearing is necessary to resolve the motions. *See* Loc. R. 105.6 (D. Md. 2025). For reasons explained below, Wei's motion is granted in part and denied in part, and Liu's motion is granted.

**I.   BACKGROUND**

In 2019, Plaintiffs Huaizhao Liu and Charlotte Zhang ("Plaintiffs") filed a civil action against defendant Jingsheng Wei in the District of Columbia Superior Court alleging breach of contract and defamation. *Liu v. Wei*, Case No. 2019-CA-005052-B. After a lengthy period of discovery, Plaintiffs eventually moved to amend their complaint to add new allegations of defamation based on statements Wei allegedly made in December 2023, but, in July 2024, the court denied leave to amend and entered summary judgment in favor of Wei on all pending claims. ECF Nos. 109-5, 109-6, 109-7.

1

In June 2021, Plaintiffs filed the instant action against defendant Ciping Huang in the U.S. District Court for the District of Columbia, ECF No. 1, and the case was transferred to this District in August 2023, ECF No. 14. In September 2024, Plaintiffs moved for leave to file a Second Amended Complaint ("SAC"), which added a defamation claim against Wei in Count I. ECF No. 52. This Court granted the motion in November 2024, ECF No. 61, and the SAC was docketed in December 2024, ECF No. 63. In January 2025, Wei filed a motion to dismiss the defamation claim asserted against him in the SAC. ECF No. 67. After full briefing, the Court conducted a remote hearing on all pending motions in July 2025 and denied Wei's motion to dismiss. ECF No. 96. On August 1, 2025, Wei filed an Answer to the SAC and Counterclaim in four counts against Liu, asserting defamation per se, false light, abuse of process, and declaratory judgment as to legal parentage of Zhang. ECF No. 103.

On August 22, 2025, Wei filed a Motion for Partial Reconsideration and Judgment on the Pleadings, arguing that the Court erred in its denial of his motion to dismiss and seeking judgment on the pleadings in his favor as to Plaintiffs' defamation claim against him. ECF No. 109. Liu filed a response in opposition to the motion, ECF No. 113, and Wei filed a reply, ECF No. 119.

Also on August 22, 2025, Liu filed a Partial Motion to Dismiss, seeking dismissal of the abuse of process counterclaim asserted in Count Three of Wei's Counterclaim. ECF No. 110. Wei filed a response in opposition to this motion, ECF No. 112, and Liu file a reply, ECF No. 118.

II. **WEI'S MOTION FOR PARTIAL RECONSIDERATION AND JUDGMENT ON THE PLEADINGS**

Wei moves for reconsideration of the Court's prior Order denying his motion to dismiss Plaintiffs' defamation claim in Count I of the SAC and for judgment on the pleadings. ECF No. 109. In the event this relief is denied, Wei seeks, in the alternative, certification of an interlocutory appeal. *Id.*

2

It is well established that "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). "Motions for reconsideration of an interlocutory order are governed by Federal Rule of Civil Procedure 54(b), under which 'any order . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *In re Sinclair Broad Grp., Inc. Sec. Litig.*, 473 F. Supp. 3d 529, 534 (D. Md. 2020) (quoting Fed. R. Civ. P. 54(b)). Whether to reconsider and modify an interlocutory order under Rule 54(b) "is committed to the discretion of the district court[.]" *Am. Canoe Ass'n*, 326 F.3d at 515. "[A] court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (quoting *Am. Canoe Ass'n*, 326 F.3d at 515). The proper goal "is to reach the correct judgment under law." *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 618–19 (D. Md. 2013) (citation omitted).

The Court is persuaded that it erred in denying Wei's motion to dismiss Plaintiffs' defamation claim based on statements Wei allegedly made in December 2023. To be sure, Plaintiffs' defamation claim is based both on alleged statements made in December 2023 and on separate statements posted on Twitter in July 2024. SAC ¶¶ 85–93, 96. In his motion to dismiss, Wei argued that the entire defamation claim was barred by the doctrine of res judicata because Plaintiff's allegations of defamation are the same as those previously litigated in their prior suit against Wei in D.C. Superior Court. ECF No. 67-1 at 6–9. In his reply, Wei clarified that, although the December 2023 defamation was not pleaded in the prior suit, Plaintiffs sought to add this

3

allegation through a motion for leave to amend but that motion was denied. ECF No. 75 at 4. Indeed, the court in the prior litigation denied leave to amend upon finding that Plaintiffs' motion as untimely and amendment would require discovery to be reopened and a new scheduling order to be issued at a late stage of the litigation, which would prejudice Wei. ECF No. 109-7 at 14–17.

Under D.C. law, the doctrine of res judicata, or claim preclusion, "creates an absolute bar to relitigating [a] cause of action between . . . parties" "[w]hen a court renders a final judgment on the merits of [that] cause of action" between the same parties. *Colvin v. Howard Univ.*, 257 A.3d 474, 481 (D.C. 2021) (citing *Shin v. Portals Confederation Corp.*, 728 A.2d 615, 618 (D.C. 1999)). In deciding whether to apply the doctrine, the court considers: "(1) whether the claim was adjudicated finally in the first action; (2) whether the present claim is the same as the claim which was raised or which might have been raised in the prior proceeding; and (3) whether the party against whom the plea is asserted was a party or in privity with a party in the prior case." *Wang v. 1624 U St., Inc.*, 252 A.3d 891, 896–97 (D.C. 2021) (quoting *Patton v. Klein*, 746 A.2d 866, 870 (D.C. 1999)).

Here, Plaintiffs assert their defamation claim against the same defendant as that named in the prior suit, and they could have asserted a defamation claim against Wei in that suit based on the statements he allegedly made in December 2023. They attempted to do just that by amending their complaint but were denied leave by the D.C. Superior Court. Plaintiffs argue that this denial was not adjudication on the merits and therefore lacks preclusive effect. ECF No. 113 at 4. But it has been widely held that "[t]he denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action." *Pro. Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003) (citation omitted); *see also Hatch v. Trail King Indus., Inc.*, 699 F.3d 38, 45 (1st Cir. 2012) (citation omitted) ("When a party chooses to move for

4

leave to amend its complaint and then not to appeal denial of that motion, the party 'is not entitled to a second opportunity [in a later action] to litigate [the] claim' that the party sought to add."); *N. Assur. Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir. 2000) ("Where the plaintiff is seeking to add additional claims against the same defendant and leave to amend is denied, claim preclusion is appropriate."); *EFCO Corp. v. U.W. Marx, Inc.*, 124 F.3d 394, 399–400 (2d Cir. 1997) ("Where a plaintiff's motion to amend its complaint in the first action is denied, and plaintiff fails to appeal the denial, res judicata applies to the claims sought to be added in the proposed amended complaint."); *Qualicare-Walsh, Inc. v. Ward*, 947 F.2d 823, 826 (6th Cir. 1991) (res judicata barred re-litigation after denial of request to amend and plaintiffs declined to appeal). Therefore, res judicata bars Plaintiffs from asserting any defamation claim against Wei based on his December 2023 statements.

However, the judgment in the prior suit against Wei does not have the same preclusive effect against Plaintiffs' defamation claim based on Wei's July 2024 statements. The judgment was issued on July 2, 2024, *see* ECF No. 109-7, and could not have embraced or adjudicated any defamation claim based on statements Wei allegedly made on July 6, 2024, *see* SAC ¶ 89. Wei argues in his motion for reconsideration, as he argued in support of his prior motion to dismiss, that any defamation claim based on the July 2024 statements is barred by issue preclusion. While claim preclusion bars "the relitigation of a particular *claim*," issue preclusion bars "the relitigation of a particular *issue* decided in a prior action." *Colvin*, 257 A.3d at 482. Under D.C. law, issue preclusion, or collateral estoppel, requires "that (1) 'the issue in the new case . . . was actually litigated and decided in the prior case,' (2) 'by a final and valid disposition on the merits,' (3) 'after a full and fair opportunity for litigation by the same parties or their privies,' (4) 'under circumstances where the determination was essential to the judgment, and not merely dictum.'"

*Id.* at 482–83 (quoting *Smith v. Jenkins*, 562 A.2d 610, 617 (D.C. 1989)). Here, Wei argues that Plaintiffs' defamation claim based on the July 2024 statements is precluded because, in the prior suit, the D.C. Superior Court determined that statements like those he is alleged to have made in July 2024 were non-actionable. ECF No. 109 at 17–19. Indeed, the court in the prior case found that "Plaintiffs are unable to show . . . that Defendant's alleged statements are more than his own subjective opinion." ECF No. 109-7 at 25. But the circumstances surrounding this determination show clearly that it was not "essential to the judgment[.]" *Colvin*, 257 A.3d at 483. In the very same paragraph in which the D.C. Superior Court found the statements to be non-actionable, the court found "no evidence" that the alleged defamatory statement was made at all. ECF No. 109-7 at 25. Plaintiffs' failure to show a statement and failure to show that the alleged statement was actionable were each independent grounds for the court's judgment in favor of Wei on this defamation claim. Therefore, issue preclusion does not prevent Plaintiffs from asserting a new defamation claim against Wei in this suit based on new allegedly defamatory statements, even if those statements are similar to those alleged in the prior litigation.

In the event his motion for reconsideration is denied, Wei requests certification of an interlocutory appeal. ECF No. 109 at 19–21. Title 28, United States Code, Section 1292(b) permits an appeal of an interlocutory order if it involves "'a controlling question of law as to which there is substantial ground for difference of opinion,' and an immediate appeal from that order . . . promise[s] to 'materially advance the ultimate termination of the litigation.'" *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (quoting 28 U.S.C. § 1292(b)). However, the Fourth Circuit has "cautioned 'that § 1292(b) should be used sparingly and thus that its requirements must be strictly construed.'" *Id.* (quoting *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)). Certifying an interlocutory appeal here would not be appropriate because

6

Wei fails to show "substantial ground for difference of opinion" on the question of whether the D.C. Superior Court's decision he claims should have preclusive effect was essential to that court's judgment. 28 U.S.C. § 1292(b). It plainly was not. As explained *supra*, the D.C. Superior Court found that Plaintiffs failed to present evidence that any statement was made. That determination alone was sufficient to support the court's judgment. Therefore, its additional finding that the statement, as alleged, was not actionable in a suit for defamation was not essential or necessary to the judgment. I do not find any substantial ground for difference of opinion on this issue.

In support of his argument for certification of an interlocutory appeal, Wei cites *In re Microsoft Corp. Antitrust Litigation*, wherein Judge Motz found "a substantial basis for a difference of opinion on the meaning of the phrase 'necessary to the judgment,' as it is used in determining collateral estoppel effect." 274 F. Supp. 2d 741, 742 (D. Md. 2003). But the Fourth Circuit settled the issue when that matter went up on appeal, re-affirming the principle "that if a judgment in the prior case is supported by either of two findings, neither finding can be found essential to the judgment[,]" and "'collateral estoppel will not obtain as to either determination.'" *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 328 (4th Cir. 2004) (quoting *Ritter v. Mount St. Mary's Coll.*, 814 F.2d 986, 993 (4th Cir. 1987)). Here, the D.C. Superior Court's judgment in favor of Wei on the relevant defamation claim asserted in the prior litigation was supported by two separate and independent findings, and neither finding, standing alone, was essential to the judgment. Therefore, neither finding has preclusive effect under collateral estoppel, and there remains no "substantial ground for difference of opinion" on the matter. 28 U.S.C. § 1292(b).

Accordingly, Wei's motion for partial reconsideration is granted in part and denied in part. The portion of Plaintiffs' defamation claim in Count I of the SAC based on Wei's December 2023 statements is dismissed with prejudice. But this Court's prior decision to deny Wei's motion to

7

dismiss the portion of Count I based on the July 2024 statements shall stand. Wei's motion for judgment on the pleadings is denied, and his request to certify an interlocutory appeal is denied.

### III. LIU'S PARTIAL MOTION TO DISMISS COUNTERCLAIM

Liu moves for partial dismissal of Wei's Counterclaim. ECF No. 110. Specifically, she seeks dismissal of the abuse of process claim asserted in Count Three, arguing that Wei fails to state a plausible claim for relief. *Id.*

To survive a motion to dismiss pursuant Federal Rule of Civil Procedure 12(b)(6), a counterclaim must be supported by enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Upon review of a motion to dismiss pursuant to Rule 12(b)(6), the court accepts all well-pleaded allegations in the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir. 1997). The facts alleged in Wei's Counterclaim are insufficient to state a plausible claim for abuse of process under Maryland law.

"[A]buse of process is concerned with the improper use of criminal or civil process in a manner not contemplated by law after it has been issued, without the necessity of showing lack of probable cause or termination of the proceeding in favor of the plaintiff . . . ." *One Thousand Fleet Ltd. P'ship v. Guerriero*, 694 A.2d 952, 956 (Md. 1997) (citing *Walker v. American Security Co.*, 205 A.2d 302, 306–07 (Md. 1964)). "To sustain a cause of action for abuse of process, the plaintiff

must prove: first, that the defendant wil[l]fully used process after it has issued in a manner not contemplated by law . . . ; second, that the defendant acted to satisfy an ulterior motive; and third, that damages resulted from the defendant's perverted use of process . . . ." *Id.* (citations omitted). "A bad motive alone is not sufficient to establish an abuse of process[;]" there must be "[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process . . . ." *Id.* (citations omitted). Regarding damages, "[a] cause of action for civil abuse of process in Maryland requires that the plaintiff establish that an arrest of the person or a seizure of property of the plaintiff resulted from the abuse of process." *Id.* at 960 (citing *Bartlett v. Christhilf*, 14 A. 518, 522 (Md. 1888)).

      Here, first, Wei does not allege that Liu used any process in a manner not contemplated by law after the process issued. In his opposition briefly, Wei contends broadly that "Liu has repeatedly invoked judicial process in ways not contemplated by law[,]" ECF No. 112 at 5, but he fails to identify any "definite act or threat not authorized" by any process that issued or "aimed at an objective" that is "not legitimate in the use of the process[,]" *One Thousand Fleet*, 694 A.2d at 956. Wei's arguments on this point ultimately boil down to his allegation that Liu has acted with ulterior motives, which is not sufficient to sustain an abuse of process claim under Maryland law. *See id.*

      Second, Wei does not allege that Liu's actions have resulted in any arrest of his person or seizure of his property. Wei contends that Maryland law is not so "rigid" as to require any such outcome and that only some "concrete deprivation" is required. ECF No. 112 at 7. But Wei fails to allege any "concrete deprivation"; he alleges, instead, "reputational damage, emotional distress, and the burden of defending against meritless litigation." Countercl. ¶ 115. This allegation is not adequate to support a claim for relief under Maryland law based upon an abuse of process.

9

Liu's Partial Motion to Dismiss is granted, and Count Three of Wei's Counterclaim is dismissed without prejudice for failure to state a plausible claim for relief.

## IV.     CONCLUSION

For the foregoing reasons, Wei's Motion for Partial Reconsideration and for Judgment on the Pleadings (ECF No. 109) is granted in part and denied in part, and Plaintiffs' Partial Motion to Dismiss (ECF No. 110) is granted. The Court reconsiders its prior denial of Wei's prior motion to dismiss Plaintiffs' defamation claim against him in Count I of the SAC (ECF No. 96) and dismisses the portion of that claim founded on statements Wei allegedly made in December 2023. In all other respects, Wei's motion is denied.

A separate Order will issue.

 

  __2/17/26__                                                                                                                                           /S/
Date                                                                                                                        Matthew J. Maddox
                                                                                                                       United States District Judge